1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  TREVOR L. RUSIN (CABN 241940)
   Special Assistant United States Attorney
5     1301 Clay Street, Suite 340S
      Oakland, CA 94612
6     Telephone: (510) 637-3695
      Fax: (510) 637-3724
7     E-Mail: trevor.rusin@usdoj.gov

8  Attorneys for the United States of America

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12
   UNITED STATES OF AMERICA,        )        No. CR 10-00325 CW
13                                   )
              Plaintiff,             )
14                                   )
          v.                         )        [PROPOSED] ORDER DETAINING
15                                   )        DEFENDANT PENDING TRIAL AND
   JOSE GARCIA-VILLEGAS,             )        EXCLUDING TIME UNDER THE
16                                   )        SPEEDY TRIAL ACT
              Defendant.             )
17  _____  )

18

19                          I. DETENTION ORDER

20        Defendant Jose Garcia-Villegas is charged in a one-count indictment with being a

21  Deported Alien Found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b).  On May

22  20, 2010, the United States moved for defendant's detention pursuant to 18 U.S.C. §

23  3142(f)(2)(A) (because there is a serious risk defendant will flee), and subsequently asked for a

24  detention hearing pursuant to 18 U.S.C. § 3142(f).  Following a hearing on May 25, 2010, under

25  18 U.S.C. § 3142(f), and considering the parties' proffer and the factors set forth in section

26  3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will

27  reasonably assure the defendant's appearance in this case.  *See* 18 U.S.C. §§ 3142(e) and (f);

28  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

    [PROP'D] ORD. RE DET. & EXCL. TIME
    NO. CR-10-00325 CW                        1

1   Specifically, the Court notes the defendant's criminal history, as documented in the

2   Pretrial Services report, his alleged immigration status, and the fact that the defendant is subject

3   to an Immigration and Customs Enforcement detainer hold.  The Court, therefore, orders that the

4   defendant be detained pending trial.

5   The defendant did not request a full bail study at this time, such as an interview by

6   Pretrial Services, but reserved his right to present information at a future bail hearing should his

7   circumstances change.  *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f)

8   hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse

9   witnesses, and present information by proffer or otherwise).

10   ## II.  SPEEDY TRIAL EXCLUSION

11   For the reasons stated in open court on May 25, 2010, and as stipulated to by the parties,

12   the Court excluded time under the Speedy Trial Act from May 25, 2010, to June 15, 2010, to

13   enable defense counsel to investigate the matter, including review of discovery.  The Court

14   found that (A) failure to grant the continuance would unreasonably deny defense counsel the

15   reasonable time necessary for effective preparation, taking into account the exercise of due

16   diligence, and (B) the ends of justice served by the continuance outweigh the best interests of the

17   public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(1)(7)(A) & (B)(iv).

18   ## III.  CONCLUSION

19   Time is excluded under the Speedy Trial Act between May 25, 2010, and June 15, 2010.

20   The Court detains the defendant as a serious flight risk and because no condition, or

21   combination of conditions, could assure the defendant's appearance in this case.  Because the

22   defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to

23   his raising any relevant information at a later hearing, the Court orders that the hearing may be

24   reopened at the defendant's request at a future time.

25   The Court orders that the defendant be committed to the custody of the Attorney General

26   or a designated representative for confinement in a corrections facility separate, to the extent

27   practicable, from persons awaiting or serving sentences or held in custody pending appeal.  *See*

28   18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult

[PROP'D] ORD. RE DET. & EXCL. TIME
NO. CR-10-00325 CW                                    2

1   privately with counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on

2   request of an attorney for the United States, the person in charge of the corrections facility must

3   deliver the defendant to the United States Marshal for a court appearance.  *See id.* § 3142(i)(4).

4        IT IS SO ORDERED.

5

6   DATED: May 26, 2010

                                                LAUREL BEELER

7                                                 United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROP'D] ORD. RE DET. & EXCL. TIME
NO. CR-10-00325 CW                   3